# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ROY FALLS-BEY,

  Plaintiff,

 v.              Civil Action 2:17-cv-1103
                   Judge George C. Smith
                   Magistrate Judge Jolson

WARDEN BRIAN COOK, et al.,

  Defendants.

## REPORT AND RECOMMENDATION

Plaintiff Roy Falls-Bey, a *pro se* prisoner, brings this action against Warden Brian Cook, the State of Ohio, Deputy Warden Robert England, Investigator Keith Holstein, Iman Sunni Ali Islam, and Officer Andrew Salt. (*See* Doc. 7). In its January 5, 2018 Report and Recommendation and Order, the Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis*, but was unable to conduct an initial screen of the complaint pursuant to 28 U.S.C. § 1915A(a), because Plaintiff's original complaint inappropriately attempted to bring this case as a class action. (Doc. 3). Pursuant to the Court's Orders (Docs. 3, 5, 6), Plaintiff filed a Second Amended Complaint on February 15, 2018. (Doc. 7). Having performed an initial screen of the Second Amended Complaint, and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against the State of Ohio. Moreover, it is **RECOMMENDED** that Plaintiff be permitted to proceed with his claims against the remaining Defendants.

## I.  LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis* (*see* Docs. 1, 3), the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. DISCUSSION

Plaintiff has brought suit against the State of Ohio (*See* Doc. 7 at 1). However, the State of Ohio may be sued in federal court only if it has "consented to such a suit or its immunity has been properly abrogated by Congress." *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)). Absent such circumstances, the Eleventh Amendment provides jurisdictional immunity to the State of Ohio, which is "an absolute bar to the imposition of liability upon States and State agencies." *Ganaway v. Ohio*, No. 3:12-cv-1448, 2012 U.S. Dist. LEXIS 156064, at *2, 2012

WL 5378730 (S.D. Ohio Oct. 31, 2012) (citing *Latham*, 395 F.3d at 270). The State of Ohio has not consented to this lawsuit and thus has jurisdictional immunity. Accordingly, it is recommended that the State of Ohio be dismissed from this action.

As to Plaintiff's claims against the remaining Defendants, the Court concludes that, at this juncture, that the action may proceed.

## III.  CONCLUSION

For the reasons stated, it is **RECOMMENDED** that Defendant State of Ohio be **DISMISSED** from this lawsuit. It is further **RECOMMENDED** that Plaintiff be permitted to proceed on his claims against the remaining Defendants. The Clerk is directed to send a Copy of this Order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date: February 28, 2018                                /s/ Kimberly A. Jolson
                                                                    KIMBERLY A. JOLSON
                                                                    UNITED STATES MAGISTRATE JUDGE